IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN JOSE ORNELAS-CASTRO, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-1336-K |
| | ) | No. 3:07-CR-190-K |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.

### I.  Procedural background

On July 17, 2007, Petitioner pled guilty to one count of conspiracy to commit kidnaping, in violation of 18 U.S.C. § 1201 (count one); one count of kidnaping, in violation of 18 U.S.C. § 1201(a)(1) (count two); one count of use of interstate communication facilities to demand ransom, in violation of 18 U.S.C. § 875 (count four); and one count of using, carrying and brandishing a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count five).

On October 10, 2007, Petitioner was sentenced to 210 months imprisonment on counts one, two, and four to run concurrently to each other.  He was sentenced to a statutorily mandated 20 months imprisonment on count five to run consecutively to

counts one, two and four. His total aggregate sentence was 330 months. He was also sentenced to three years supervised release and ordered to pay $26,018.00 in restitution. Petitioner did not file an appeal.

On August 4, 2008, Petitioner filed this § 2255 petition. He argues: (1) he received ineffective assistance of counsel because counsel failed to object that Petitioner's total offense level should have been 40 rather than 41; and (2) Petitioner seeks a 5K1.1 reduction in sentence based on substantial assistance.

## II. Discussion

### A. Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*

*v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case Petitioner argues his counsel failed to object that his total offense level under counts one, two and four was 40 rather than 41. A review of the record, however, shows that Petitioner's total offense level was correctly calculated.

Under the Sentencing Guidelines, the base offense level is the guideline for the substantive offense, which was kidnaping, plus any adjustments. USSG § 2X1.1(a). The base offense level for kidnaping is 32. USSG § 2A4.1(a). Because a ransom demand was made, six levels were added under USSG §2A4.1(b)(1). That made the base offense level 38. The kidnaping victim sustained permanent or life-threatening bodily injury. Therefore, four levels were added pursuant to USSG § 2A4.1(b)(2)(A). That made the total base offense level 42. Two levels were added for obstruction of justice, making the offense level 44. USSG § 3C1.2. Three levels were subtracted for acceptance of responsibility, making the total offense level 41. USSG § 3E1.1(a) & (b).

Petitioner argues his base offense exceeded the maximum level stated in USSG § 2A4.1(a)(7)(B). USSG § 2A4.1(a)(7)(B) states:

> (7)   If the victim was kidnaped, abducted, or unlawfully restrained during the commission of, or in connection with, another offense or escape therefrom;

> or if another offense was committed during the kidnaping, abduction, or unlawful restraint, increase to –
>
> * * *
>
> (B)  4 plus the offense level from the offense guidelines applicable to that other offense, but in no event greater than level 43, in any other case,
>
> if the resulting offense level is greater than that determined above.

Petitioner states his base offense level should have been no more than 43, rather than 44. In this case, however, Petitioner's base offense level was 42, not 44. The two level upward adjustment for obstruction of justice is an enhancement, and is not part of Petitioner's base offense level. His base offense level therefore did not exceed 43 as stated in USSG § 2A4.1(a)(7)(B). Additionally, Petitioner has failed to show this section applies to his sentencing. This section applies where another federal, state, or local offense results in a greater offense level. (USSG § 2A4.1(a)(7)(B) Application Notes). This section does not apply to Petitioner because Petitioner was not convicted of any other offense that increased the offense level.

At sentencing, the Court granted the government's motion for reduction of sentence for substantial assistance under USSG § 5K1.1. (Sentencing Trans. at 11.) This resulted in a four level reduction in offense level from 41 to 37. (*Id.*)

Under a total offense level of 37, and Petitioner's Criminal History Category I, the range of punishment was 210-262 months imprisonment. USSG Sentencing Table, Zone D. The Court sentenced Petitioner to 210 months imprisonment.

Petitioner has failed to show his counsel rendered deficient performance in determining the applicable guideline range. Petitioner's claim is DENIED.

**B.    Motion for Downward Departure**

Petitioner also requests that the Court grant him a motion for downward departure pursuant to USSG § 5K1.1. A motion pursuant to 5K1.1, however, must be filed by the government. Additionally, the government did file a motion for 5K1.1 downward departure due to substantial assistance. The Court granted this motion and granted Petitioner a four-level downward departure. (Sentencing Tr. at 11). Petitioner's claim is hereby DENIED.

**III.  Conclusion**

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

IT IS SO ORDERED.

Signed this 4th day of March, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE